UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

KRISTEN BALFOUR-DUNLAP,

  CASE NUMBER:

 Plaintiff,

v.

MERCATO 2401 INC. d/b/a CARMINE'S
GOURMET MARKET, NANTUCKET
MANAGEMENT INC., and
CARMINE GIARDINI,

 Defendants.
_____/

## COMPLAINT FOR VIOLATION OF THE FLSA SECTION(§207)

Plaintiff, KRISTEN BALFOUR-DUNLAP ("Plaintiff" or "Balfour"), by and through her undersigned counsel, herein sues Defendants, MERCATO 2401 INC. d/b/a CARMINE'S GOURMET MARKET ("Mercato"), NANTUCKET MANAGEMENT INC., ("Nantucket") and CARMINE GIARDINI ("Giardini") (collectively "Defendants"), pursuant to 29 U.S.C. §216 of the Fair Labor Standards Act (the "FLSA") and states as follows:

### PRELIMINARY STATEMENT

1. Plaintiff Kristen Balfour-Dunlap, brings this action for violation of federal wage and hour laws pursuant to the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, (the "FLSA"). Plaintiff alleges that she is entitled to unpaid overtime wages, as required by 29 U.S.C. §207. Plaintiff also seeks recovery of unpaid bonuses or commissions pursuant to contract law as per the laws of the State of Florida.

2. The Fair Labor Standards Act is our nation's foremost wage law. The Act was

intended to tackle the twin evils of "overwork" and "underpay." <u>Overnight Motor Transp. Co. v. Missel</u>, 316 U.S. 572, 578, 62 S. Ct. 1216, 86 L. Ed. 1682 (1942). In sum, the FLSA was "designed to raise substandard wages and to give additional compensation for overtime work … thereby helping to protect this nation 'from the evils and dangers resulting from wages too low to buy the bare necessities of life and from long hours of work injurious to health.'" <u>United States v. Rosenwasser</u>, 323 U.S. 360, 361 (1945) (quoting Sen. Rep. No. 884 (75th Conf., 1st Sess.)). See 29 USC § 202.

3. Plaintiff's job or position working for Defendants as a Catering Manager is a non-exempt position under the FLSA, involving non-exempt office type duties and routine and repetitive tasks.

4. Defendant did pay Plaintiff 1.5 times her hourly rate for hours worked in excess of 40 in a week. However, pursuant to unlawful pay practice and company policy, Defendants willfully underpaid the Plaintiff by not including her commissions in her regular rate of pay calculation.

5. Plaintiff's primary job duties as an employee of Defendants consisted primarily of selling and executing catering orders, pick ups, deliveries and servicing catering events on Defendants' behalf.

6. Throughout Plaintiff's employment with Defendants he was required to work in excess of forty (40) hours per week in order to complete his job duties and responsibilities and was never paid at the correct overtime rate.

7. The allegations in this pleading are made without any admission that, as to any particular allegation, Plaintiff bears the burden of pleading, proof, or persuasion. Plaintiff reserves all rights to plead in the alternative.

**PARTIES, JURISDICTION AND VENUE**

8. This Court has subject matter jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. §1331, because this action involves a Federal Statute, 29 U.S.C. §201, *et seq*.

9. This Court has personal jurisdiction over this action because Defendants operate substantial business in Palm Beach County, Fkiruda from their corporate office and where the unlawful pay practices originated.

10. Venue is proper to this Court pursuant to 29 U.S.C. §216(b).

11. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367. The state law claims are so related to the FLSA claims and also arise out of the same common nucleus of operative facts such that they form part of the same case or controversy.

12. At all times relevant to this action, Plaintiff was an employee of Defendants within the meaning of 29 U.S.C. §203(e)(1).

13. Defendant Mercato 2401 Inc. is a Florida for profit corporation with its principal address located at 2401 PGA Blvd. Suite 172, Palm Beach Gardens, Florida 33410 and may be served through its registered agent, Carmine Giardini, at the same address.

14. Defendant Mercato 2401 Inc. is the owner of the fictitiously named Carmine's Gourmet Market.

15. Defendant Nantucket Management Inc. is a Florida for profit corporation with its principal address located at 2401 PGA Blvd. Suite 172, Palm Beach Gardens, Florida 33410 and may be served through its registered agent, Carmine Giardini, at the same address.

16. Defendant Carmine Giardini, is an employer of the Plaintiff within the meaning of the FLSA as he is the President of Mercato and Nantucket, and upon information and belief,

the owner of both companies.

17. Upon information and belief, Defendant Giardini also created and was responsible for the unlawful pay practices at issue here, and had the authority to hire and fire employees and control the employees', including Plaintiff, and directed her work schedule, work requirements and methods of payment and compensation plans.

18. As an officer, manager and/or owner of Defendants Mercato and Nantucket, Giardini is an employer within the meaning of the FLSA. *See* In re Van Diepen, P.A., 236 Fed. Appx. 498, 12 Wage & Hour Cas. 2d (BNA) 1358 (11th Cir. 2007) (allowing individual liability).

19. The overtime wage provisions set forth in 29 U.S.C. §207 apply to Defendants, as they engage in interstate commerce under the definition of the FLSA, employed two (2) or more persons, and upon information and belief grossed more than $500,000.00 in operating revenue during each of the last fiscal year.

**GENERAL ALLEGATIONS**

20. Plaintiff was employed by Defendants as a Catering Manager from approximately March 2018 to January 1, 2020.

21. Plaintiff contracted with Defendants to be paid $15.00 per hour plus overtime and a 5% commission on all food sales. *See* Exhibit 1, Contract.

22. At all times relevant, Defendants treated Plaintiff as a non-exempt employee under the FLSA, and she was paid an hourly wage and overtime at the rate of 1.5 times her hourly rate for each hour worked in excess of 40 in a workweek.

23. Defendant Nantucket was the payroll company through which Defendants Mercato and Giardini paid Plaintiff.

24. Plaintiff's paystubs reflect that her compensation consisted of three (3) parts: commissions, hourly or "regular," paid at $15.00 per hour, and "overtime," paid at $22.50 per hour. *See* Exhibit 2, Example Paystub.

25. Pursuant to federal regulations, Plaintiff's commissions must be factored into the overtime rate she was to be paid. See 29 CFR §§ 778.108, 778.117, 778.118.

26. As exhibited by her paystubs, Defendants did not adjust Plaintiff's overtime rate to include commissions, and instead paid her at the rate of 1.5 times her hourly rate.

27. Regardless of the job titles Defendants applied to Plaintiff's job, she spent her time performing laborious, routine and repetitive job duties which under the FLSA and DOL regulations fall squarely under the realm as non-exempt job duties.

28. Plaintiff's job position was subject to the FLSA wage provisions and she is a covered employee within the meaning or definition of Section 203 of the FLSA.

29. Under the terms of the written contract, Defendants were to pay Plaintiff a 5% commission on all food sales. Defendants have failed to pay Plaintiff all of the commissions she earned.

30. Specifically, Defendants have refused to pay Plaintiff commissions earned during the last weeks of her employment.

31. Furthermore, Defendants refused to pay Plaintiff a commission on all food sales of $150.00 or less, despite the fact that there is no such limitation or exclusion contained in the written contract.

## COUNT I
## FAILURE TO PAY OVERTIME COMPENSATION
## IN VIOLATION OF THE FLSA  29 U.S.C. § 207.

32. Plaintiff adopts and realleges the allegations set forth in the foregoing paragraphs as if fully set forth herein.

33. Plaintiff was an employee of Defendants within the meaning of 29 U.S.C. §203(e)(1).

34. Defendants were Plaintiff's "employers" within the meaning of 29 U.S.C. §203(d).

35. The overtime wage provision set forth in FLSA §207 applies to Defendants as they were engaged in commerce under the definition of the FLSA, employ two (2) or more employees and have revenues greater than $500,000.

36. Throughout Plaintiff's employment with Defendants, she was treated as a non-exempt employee and was paid overtime, but was not paid overtime compensation at the correct overtime rate for all hours worked in excess of forty (40) in a workweek.

37. Instead of paying Plaintiff the correct overtime rate, Defendants merely paid Plaintiff 1.5 times her hourly rate and failed to factor in her earned commissions as required by federal regulation.

38. The plaintiff should have been paid time and ½ her regular rate of pay for all overtime hours worked, and not just time and one half her base hourly rate.  See 29 CFR § 778.108.

39. Pursuant to 29 CFR §§ 778.108, 778.117, 778.118 the regular rate of pay should have included Plaintiff's commissions/bonuses in the calculation, but, Defendant willfully chose to exclude it, or, alternatively Defendants paid her with reckless disregard for the DOL

regulation and the FLSA requirements.

40. Plaintiff did not supervise two (2) or more full time employees, and her job did not involve the exercise of discretion and independent judgment in matters of significance affecting the company which the Administrative exemption would require.

41. Plaintiff's job neither meets any professional exemption or any other exemption under the FLSA which Defendants would have any good faith basis under the FLSA for their willful unlawful pay practice of refusing and failing to pay Plaintiff the correct premium for all overtime hours worked.

42. Defendants are, or should have been aware of the FLSA overtime requirements, as they have many employees.

43. Defendants knew or should have known that failing to pay Plaintiff the correct premium for the overtime hours she worked was a willful violation of the FLSA.

44. Therefore, Defendants willfully and intentionally engaged in a pattern and practice of violating the overtime provisions of the FLSA by refusing to pay the correct overtime rate to Plaintiff for all hours worked in excess of forty (40) per week, and did so solely as a scheme and plan to evade the overtime wage requirement of the FLSA and to maximize profits.

45. As a direct result of Defendants' violations of the FLSA, Plaintiff suffered damages by being denied all of the overtime wages due to her in accordance with §207 and §216(b) of the FLSA.

46. Defendants have not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff.

## COUNT II
## BREACH OF CONTRACT

47. Plaintiff adopts and realleges paragraphs 1 through 31 as if fully set forth and herein.

48. Under the terms of the written contract between the Parties, Defendants promised to pay Plaintiff a 5% commission on all food sales.

49. Defendant consummated sales prior to the termination of her employment which thus entitled her to payment of commissions, and which are accrued and earned commissions.

50. Defendants have refused to pay Plaintiff all of the commissions she earned towards the end of her employment with Defendants.

51. Additionally, Defendants refused to pay Plaintiff a commission on food sales of $150.00 or less, despite the fact that this limitation or exclusion is not in the written contract.

52. Accordingly, Defendants breached the contract to pay Plaintiff all of the commissions earned and due to her.

53. Plaintiff sought to resolve this dispute with Defendants, but to no avail, and they have willfully refused to honor the contractual promise.

54. As a direct and proximate result of Defendant's breach of this agreement, Plaintiff has suffered financial harm.

55. Moreover, the regular rate of pay for Plaintiff must include the value of this bonus or commission, and the failure to honor and pay Plaintiff this bonus or commission likewise affects her regular rate of pay and overtime rates.

56. Plaintiff performed work at all times in Florida, such that Defendants are subject to the wage laws of the State of Florida.

57. Plaintiff is entitled to recover her reasonable attorney's fees and expenses of this litigation incurred in recovering her commissions, pursuant to F.S. § 448.08.

**WHEREFORE**, Plaintiff, Kristen Balfour-Dunlap, demands judgment against Defendants for all overtime compensation owed, and an equal sum in liquidated damages, and payment of her reasonable attorneys' fees and costs pursuant to § 216 of the FLSA. Plaintiff also demands judgment against Defendants for all commissions due, interest up through the date of trial, and payment of her attorney's fees and costs as per F.S. § 448.08, and such other and further equitable relief that the Court deems just and proper.

Dated May 15, 2020.

Respectfully submitted by,

*/s/ Mitchell L. Feldman, Esq.*
Mitchell L. Feldman, Esq.
Florida Bar No.: 0080349
Feldman Legal Group
6940 W. Linebaugh Ave, #101
Tampa, Florida 33625
Tel: (813) 639-9366 - Fax: (813) 639-9376
Email: mlf@feldmanlegal.us
Secondary: lschindler@feldmanlegal.us
*Attorney for Plaintiff*